IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PATRICK JOSEPH TERRY,            )
                                 )
            Petitioner,          )
                                 )
-vs-                             )   Case No. CIV-06-840-F
                                 )
JUSTIN JONES, Director, et al.,  )
                                 )
            Respondents.         )

## ORDER

Before the court is Petitioner's Application for a Temporary Restraining Order and/or Injunction to Stop Retaliation by Agents of the Respondent, filed March 27, 2007 (doc. no. 35). Although the time for respondents to respond to petitioner's application has not yet run, the court, upon review, concludes that a response is not necessary in order for the court to rule on petitioner's application. The court shall therefore proceed with an adjudication of petitioner's application without a response.

The object of a temporary restraining order is to preserve the status quo until the court has an opportunity to rule on an application for preliminary injunction. 13 James WM. Moore, Moore's Federal Practice, § 65.30 (3d ed. 2006). Because the court is adjudicating petitioner's preliminary injunction request with this order, the court concludes that a temporary restraining order is not necessary. The court therefore finds that petitioner's application for a temporary restraining order should be denied.

The purpose of a preliminary injunction is to preserve the status quo pending the litigation of the merits. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). A preliminary injunction is appropriate to grant intermediate relief

of the same character as that which may be finally granted, and relief is not proper when requested on matters lying wholly outside the issues in suit. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). To obtain preliminary injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); *see also*, Penn, 528 F.2d at 1185 ("The burden is, of course, on the movant to establish his right to such relief. He must do so by clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief.")

Petitioner has not established the relationship between the alleged injury in his application and his habeas petition. Petitioner's application concerns alleged conduct entirely unrelated to his habeas petition. Consequently, the court finds that petitioner's application for preliminary injunction should be denied.

Accordingly, Petitioner's Application for a Temporary Restraining Order and/or Injunction to Stop Retaliation by Agents of the Respondent, filed March 27, 2007 (doc. no. 35), is **DENIED**.

DATED March 30, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0840p008.wpd

2